UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAHN K. FOY,

                                    Plaintiff,

            -against-

THE STATE OF NEW YORK; JUSTICE
GEORGE J. SILVER,

                                    Defendants.

21-CV-7647 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that

Defendants violated his federal constitutional rights. The Court also construes the complaint as

attempting to assert claims for employment discrimination under Title VII of the Civil Rights Act

of 1964.[1] By order dated September 15, 2021, the Court granted Plaintiff's request to proceed

without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth below,

the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this

order.

**STANDARD OF REVIEW**

        The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

---

[1] Plaintiff originally filed the complaint in the United States District Court for the Eastern
District of New York. *See Foy v. State of New York*, No. 1:21-CV-4926 (KAM) (E.D.N.Y. Sept.
8, 2021). By order dated September 8, 2021, the Eastern District transferred the action to this
Court. (ECF 4.)

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings his claims using the Eastern District's general complaint form for a civil case. He invokes the Court's federal question jurisdiction and states that he is bringing claims under 42 U.S.C. § 1983, the First Amendment, and the Due Process and Equal Protection

Clauses of the Fifth and Fourteenth Amendments. Plaintiff names as defendants the State of New York and Justice George J. Silver, the Deputy Chief Administrative Judge for the New York City Courts.

The facts section of the complaint form states in its entirety:

> Acting under color of state law and in violation of 42 U.S.C. § 1983: My supervisors and court officer union representatives misused the office of a state judge in order to carry out an unauthorized wrongful termination. I have evidence that will prove these individuals devised a plan to fire me in response to a complaint I made concerning a discriminatory act made against me. I allege these individuals impersonated Justice George J. Silver, the Deputy Administrative Judge for New York City Courts. The court system has been covering this up since November 2020.

(ECF 1, at 5-6.)

Plaintiff seeks "a declaratory judgment that the court officer termination be null and void," as well as money damages, including "monetary relief in the form of compensation for malicious prosecution, illegal termination, defamation per se, personal injury @ $20,000,000.00." (*Id.* at 6.)

## DISCUSSION

### A.     Rule 8

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint include a short and plain statement showing that the pleader is entitled to relief. Under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Twombly*, 550 U.S. at 570. As an initial matter, Plaintiff's complaint fails to comply with Rule 8. The complaint is short and plain, but it does not include sufficient facts to suggest a plausible claim.

### B.     Claims under 42 U.S.C. § 1983

Plaintiff purports to assert claims under 42 U.S.C. § 1983 that Defendants violated his federal constitutional rights. To state a claim under section 1983, a plaintiff must allege both that:

(1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

1.    Eleventh Amendment Immunity

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's section 1983 claims against the State of New York are therefore barred by the Eleventh Amendment and are dismissed.

2.    First Amendment retaliation

The complaint asserts that Defendants violated Plaintiff's rights under the First Amendment and the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments. Because Plaintiff alleges that his employer retaliated against him for filing a discrimination complaint, the Court construes the complaint as attempting to assert a First Amendment retaliation claim.[2] "A plaintiff asserting a First Amendment retaliation claim must establish that: (1) his speech or conduct was protected by the First Amendment; (2) the defendant took an adverse action against him; and (3) there was a causal connection between this adverse

---

[2] The complaint does not state any legal theory for Plaintiff's claims under the Due Process and Equal Protection Clauses nor can the Court discern any viable legal basis for these claims.

action and the protected speech." *Matthews v. City of N.Y.*, 779 F.3d 167, 172 (2d Cir. 2015). But First Amendment protection extends only to a public employee's speech as "a citizen on a matter of public concern" and does not extend to statements that public employees make pursuant to his official duties. *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006); *see, e.g.*, *Weintraub v. Bd. of Educ. of City Sch. Dist. of City of New York*, 593 F.3d 196, 201 (2d Cir. 2010) (holding that public school teacher, who "was speaking pursuant to his official duties and . . . not as a citizen," could not state a First Amendment claim based on his "filing a grievance with his union to complain about his supervisor's failure to discipline a child in his classroom").

Here, Plaintiff's vague allegation that his supervisors "devised a plan to fire [him] in response to a complaint [Plaintiff] made concerning a discriminatory act made against [him], (ECF 1, at 5), is insufficient to state a retaliation claim under the First Amendment.

## C.    Claims under Title VII

Because Plaintiff alleges that his employer retaliated against him for filing a discrimination complaint, the Court also liberally construes the complaint as attempting to assert claims under Title VII of the Civil Rights Act of 1964. Title VII provides that "[i]t shall be an unlawful employment practice for an employer … to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). Title VII prohibit employers from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions).

5

Mistreatment at work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under these federal antidiscrimination statutes. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

At the pleading stage in an employment discrimination action, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

Here, Plaintiff's allegations suggest that he may have been fired in retaliation for filing a discrimination complaint. But he fails to allege facts describing the circumstances surrounding the termination of his employment or suggesting that any adverse employment action taken against him was motivated by his race, color, sex, or national origin. Plaintiff therefore fails to state a claim under Title VII.

Before filing suit under Title VII, a plaintiff must first file a timely charge with the Equal Employment Opportunity Commission ("EEOC") and obtain a Notice of Right to Sue. *See* 42 U.S.C. § 2000e-5(e)(1); *Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 146 (2d Cir. 2012).

In New York, this charge must be filed with the EEOC within 300 days of the alleged act of discrimination. 42 U.S.C. § 2000e-5(e)(1); *see Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002); *Tewksbury v. Ottaway Newspapers*, 192 F.3d 322, 325-28 (2d Cir. 1999). Exhaustion of administrative remedies is not, however, jurisdictional, but like a statute of limitations, is subject to waiver, estoppel, and equitable tolling. *See Zipes v. Trans World*

*Airlines, Inc.*, 455 U.S. 385, 393 (1982)); *see also Fernandez v. Chertoff*, 471 F.3d 45, 58 (2d Cir.

2006) (" Because [the] failure to exhaust [one' s] administrative remedies is not a jurisdictional

defect, it is subject to equitable defenses." ). A civil action must be commenced within 90 days of

receiving the notice of the right to sue. *See* 42 U.S.C. § 2000e-5(f)(1).

 If Plaintiff files an amended complaint, he should allege any facts suggesting that he

exhausted his administrative remedies by filing a charge of discrimination with the EEOC.

## LEAVE TO AMEND

 Plaintiff proceeds in this matter without the benefit of an attorney. District courts

generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.

USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege

additional facts to state a valid claim, the Court grants Plaintiff sixty days' leave to amend his

complaint to detail his claims.

 Plaintiff is granted leave to amend his complaint to provide more facts about his claims.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a

short and plain statement of the relevant facts supporting each claim against each defendant. If

Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should

include all of the information in the amended complaint that Plaintiff wants the Court to consider

in deciding whether the amended complaint states a claim for relief. That information should

include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-7647 (LTS). An Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

　　　　The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:　　September 20, 2021
　　　　　New York, New York

　　　　　　　　　　　　　　　　　　 /s/ Laura Taylor Swain
　　　　　　　　　　　　　　　　　　 LAURA TAYLOR SWAIN
　　　　　　　　　　　　　　　　　 Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____
*(In the space above enter the full name(s) of the plaintiff(s).)*


      -against-

_____

_____

_____
*(In the space above enter the full name(s) of the defendant(s).*
*If you cannot fit the names of all of the defendants in the space*
*provided, please write "see attached" in the space above and*
*attach an additional sheet of paper with the full list of names.*
*Typically, the company or organization named in your charge*
*to the Equal Employment Opportunity Commission should be*
*named as a defendant.  Addresses should not be included here.)*

**AMENDED**
**COMPLAINT**
**FOR EMPLOYMENT**
**DISCRIMINATION**

Jury Trial:  ☐ Yes  ☐ No
       *(check one)*

___ Civ. _____ ( ___ )


This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

_____    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).
              ***NOTE:***  *In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.
              ***NOTE:***  *In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.*

_____    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117.
              ***NOTE:*** *In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____    New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297  (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic chacteristics, marital status).

_____    New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131 (actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status).

*Rev. 07/2007*          1

## I.   Parties in this complaint:

A.   List your name, address and telephone number.  Do the same for any additional plaintiffs named.
Attach additional sheets of paper as necessary.

Plaintiff    Name  _____

Street Address  _____

County, City  _____

State & Zip Code  _____

Telephone Number  _____

B.   List all defendants' names and the address where each defendant may be served.  Make sure that the
defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets
of paper as necessary.

Defendant    Name  _____

Street Address  _____

County, City  _____

State & Zip Code  _____

Telephone Number  _____

C.   The address at which I sought employment or was employed by the defendant(s) is:

Employer  _____

Street Address  _____

County, City  _____

State & Zip Code  _____

Telephone Number  _____

## II.   Statement of Claim:

State as briefly as possible the facts of your case, including relevant dates and events.  Describe how you were
discriminated against.  If you are pursuing claims under other federal or state statutes, you should include facts
to support those claims.  You may wish to include further details such as the names of other persons involved
in the events giving rise to your claims.  Do not cite any cases.  If you intend to allege a number of related
claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as
necessary.

A.  The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

_____    Failure to hire me.

_____    Termination of my employment.

_____    Failure to promote me.

_____    Failure to accommodate my disability.

_____    Unequal terms and conditions of my employment.

_____    Retaliation.

*Rev. 07/2007*                                    2

_____        Other acts *(specify)*: _____.

> **Note:**  *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.*

B.      It is my best recollection that the alleged discriminatory acts occurred on: _____.
*Date(s)*

C.      I believe that defendant(s) *(check one)*:

_____        is still committing these acts against me.

_____        is not still committing these acts against me.

D.      Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

☐        race    _____        ☐        color    _____

☐        gender/sex    _____        ☐        religion_____

☐        national origin    _____

☐        age.    My date of birth is _____ *(Give your date of birth only if you are asserting a claim of age discrimination.)*

☐        disability or perceived disability, _____ *(specify)*

E.      The facts of my case are as follow *(attach additional sheets as necessary)*:

_____
_____
_____
_____
_____
_____
_____
_____

> **Note:**  *As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.*

## III.     **Exhaustion of Federal Administrative Remedies**:

A.      It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: _____ *(Date)*.

B.      The Equal Employment Opportunity Commission *(check one)*:

_____    has not issued a Notice of Right to Sue letter.

_____    issued a Notice of Right to Sue letter, which I received on _____ *(Date)*.

*Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C.    Only litigants alleging age discrimination must answer this Question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

_____    60 days or more have elapsed.

_____    less than 60 days have elapsed.

## IV.    Relief:

WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: _____

_____

_____

*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20__.

Signature of Plaintiff    _____

Address    _____

_____

_____

_____

Telephone Number    _____

Fax Number *(if you have one)*    _____

*Rev. 07/2007*                    4