UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAHN K. FOY,

                        Plaintiff,

-against-

THE STATE OF NEW YORK,

                        Defendant.

21-CV-7647 (VSB)

ORDER OF SERVICE

VERNON S. BRODERICK, United States District Judge:

      Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e to 2000e-17 and the New York State and City Human Rights Laws, N.Y. Exec. Law §§ 290 to 297; N.Y.C. Admin. Code §§ 8-101 to 131, alleging that her employer discriminated against her based on her race, gender, and military status.[1] By order dated September 15, 2021, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP).

## DISCUSSION

**A.**    **Service on the State of New York**

      Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and amended complaint be served

---

[1] Plaintiff originally filed the complaint in the United States District Court for the Eastern District of New York. *See Foy v. State of New York*, No. 1:21-CV-4926 (E.D.N.Y. Sept. 8, 2021). By order dated September 8, 2021, the Eastern District transferred the action to this Court. (ECF 4.) On September 20, 2021, Chief Judge Laura Taylor Swain directed Plaintiff to file an amended complaint (ECF 7), which Plaintiff did on October 27, 2021 (ECF 8).

within 90 days of the date the amended complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and amended complaint until the Court reviewed the amended complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the amended complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant State of New York through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for the defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendant.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is further instructed to issue a summons, complete the USM-285 forms with the addresses for the State of New York, and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

SO ORDERED.

Dated:   November 5, 2021
         New York, New York

_____
VERNON S. BRODERICK
United States District Judge

## DEFENDANT AND SERVICE ADDRESS

State of New York
Attorney General of State of New York
28 Liberty Street
New York, NY 10005