

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL  
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-6696

April 18, 2022

**BY ECF**
Honorable Vernon S. Broderick
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> **APPLICATION GRANTED**
> **SO ORDERED** /s/ Vernon Broderick
> **VERNON S. BRODERICK**
> **U.S.D.J.**  04/19/22
>
> I agree that Plaintiff's motion for summary judgment is premature, and it is thus DENIED without prejudice. The Clerk of Court is respectfully directed to close the open motion at docket number 24.

Re:   *Foy v. State of New York*, 21-cv-7647

Dear Judge Broderick:

This Office represents Defendant the State of New York (the "State") in this action. In response to the Motion for Summary Judgment filed by Plaintiff Jahn Foy on April 13, 2022, the State respectfully submits this letter requesting denial of the motion as premature. *See* ECF 24.

The parties have not completed fully briefing the motion to dismiss filed by the State. *See* ECF 18-23. The State is filing its reply brief on April 18, 2022. Thereafter the matter will be fully submitted before this court. This motion to dismiss is dispositive of Plaintiff's claims against the State on a legal basis, including those alleging that the State violated New York State Human Rights Law, New York City Human Rights Law, and (to the extent these claims are permitted to proceed) Title VII of the Civil Rights Act of 1964. A determination on the motion should obviate the need for any further proceeding in this action including motion practice and discovery. At the least, we request the motion for summary judgment be denied or stayed pending this Court determining the motion to dismiss.

Though Fed. R. Civ. P. 56(b) does permit a summary judgment motion to be made "at any time," "courts routinely deny motions for summary judgment as premature…until the nonmoving party has had time to file a responsive pleading." *Doe v. Trustees of Columbia University in City of New York*, 2021 WL 4267638 at *1 (S.D.N.Y. Sep. 16, 2021) (citing *Helios Int'l S.A.R.L. v. Cantamessa USA, Inc.*, 23 F. Supp. 3d 173, 188-89 (S.D.N.Y. 2014). *See also Odom v. Calero*, 2007 WL 4191752 at *1 (S.D.N.Y Nov. 28, 2007) (holding motion for summary judgment to be premature where there was a motion to dismiss pending). As a motion to dismiss will be fully before this Court for determination on April 18, 2022, any consideration of the motion for summary judgment should either be denied or held in abeyance until such determination is made.

Hon. Vernon S. Broderick  Page 2 of 2
April 18, 2022

    Furthermore, without the opportunity to answer, the State is limited in its ability to put forth any affirmative defenses. Though the State maintains that the Amended Complaint be dismissed pursuant to 12(b)(1) and 12(b)(6), should any claims or portions of the pleading be permitted to proceed, the State would be limited in its defenses if any motion for summary judgment were to be fully briefed at this time. *See Hirsch v. Complex Media*, 2018 WL 6985227 at *10 (S.D.N.Y. Dec. 10, 2018) (holding motion for summary judgment to be premature because "without [the affirmative defenses] before it, the Court could not…entertain whether they could be meritorious.")

    For these reasons, the State respectfully requests that the Court deny Plaintiff's Motion for Summary Judgment. ECF 24 or any other and further relief this Court deems just and proper.

    Thank you for your time and consideration of this matter.

    Respectfully submitted,
    */s/ Miranda R. Onnen*
    Miranda R. Onnen
    Assistant Attorney General