UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                              :
JAHN K. FOY,                            :
                              :
                   Plaintiff,        :
                              :                 21-CV-7647 (VSB)
          - against -                :
                              :                 **OPINION & ORDER**
                              :
THE STATE OF NEW YORK,           :
                              :
                   Defendant.   :
                              :
------------------------------------------------------------X

Appearances:

Jahn K. Foy
Brooklyn, New York
*Pro se Plaintiff*

Miranda Onnen
Office of the New York State Attorney General
New York, New York
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

       Before me is the motion filed by Defendant State of New York ("Defendant" or "New York") to dismiss the Amended Complaint filed by Plaintiff Jahn K. Foy ("Plaintiff" or "Foy") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Because I find that I do not have subject matter jurisdiction to hear this case, the motion to dismiss is GRANTED.

I. **<u>Factual Background</u>**[1]

Foy is a Black woman who lives in Brooklyn, New York. (Am. Compl. 2–3.)[2] From February of 2003 until about February 18, 2020, Foy was an employee of the New York State Unified Court System ("Unified Court System" or "UCS") in the Office of Court Administration. (*Id.* at 2, 5; Art. 78 D&O 2.)[3] Around February 7, 2019, Foy attended a workplace meeting to discuss issues she had "with being late for work." (*Id.* at 5.) Sometime prior to December 10, 2019, Foy was given a "performance enhancement" memorandum notifying her of another workplace meeting scheduled for December 10, 2019. (*Id.* at 11.) This memorandum informed Foy, among other things, that the then-upcoming meeting would take place to discuss her being late to work and that her union representative would be present. (*Id.*)

On December 10, 2019, Foy attended a scheduled workplace meeting to discuss her lateness. (Art. 78 D&O 3.) The next day, one of the UCS officers who attended the meeting sent a memorandum to the Chief Clerk of the New York City Courts recommending that Foy's employment be terminated. (*Id.* at 4.) Justice George J. Silver, who had been appointed as the hearing officer in the matter of Foy's workplace discipline, sent Foy a letter dated February 18,

---

[1] The following relevant facts are taken from Plaintiff's Amended Complaint, (Doc. 8), which I assume to be true for purposes of this motion, *see Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007), as well as from certain documents properly before me for the purposes of a Rule 12(b)(6) motion, *see United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 106 (2d Cir. 2021) ("In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint," as well as any "document 'integral' to the complaint." (citations omitted)). Additional facts come from publicly filed documents of which I may properly take judicial notice. *See Global Network Commc'ns v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006). My references to these facts should not be construed as a finding as to their veracity, and I make no such findings.

[2] "Am. Compl." refers to the Amended Complaint filed in this action. (Doc. 8.) Because the Amended Complaint does not contain numbered paragraphs or consistent internal pagination, citations to the Amended Complaint refer to the page number stated in the blue ECF file stamp.

[3] "Art. 78 D&O" refers to the "Decision/Order" dated February 3, 2022 in *In re Foy v. The State of New York et al.*, Foy's Article 78 proceeding filed in the Supreme Court of the State of New York, Kings County. (Doc. 19–12.)

2020 notifying her that her employment with UCS was terminated.  (*Id.*)

Foy commenced her Article 78 proceeding in the Supreme Court of the State of New York, Kings County, on July 20, 2020.  (*Id.* at 5.)[4]  Ultimately, on February 3, 2022, Justice Silver ruled that Foy's claims were barred by the applicable statute of limitaitons and in the alternative that her claims were without merit.  (*Id.* at 5–6.)

Separately, on July 21, 2020, Foy filed an action before the New York Court of Claims, which was dismissed as untimely on February 16, 2021.  *See Foy v. State*, 144 N.Y.S.3d 285, 287 (N.Y. Ct. Cl. 2021).

## II.  Procedural History

Foy filed the original complaint in this action on August 30, 2021 in the United States District Court for the Eastern District of New York.  (Doc. 1.)  The action was transferred to this Court on September 14, 2021.  (Doc. 5.)  Foy filed her Amended Complaint on October 27, 2021, (Doc. 8), and Defendant was served process by the United States Marshals Service on February 2, 2022, (Doc. 13).  After receiving an extension of time to respond to Foy's Amended Complaint, (Doc. 16), on March 18, 2022, Defendant New York State (the "State") filed its motion to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (Doc. 18.)  On April 4, 2022, Foy filed a memorandum of law in opposition. (Doc. 23.)

On April 13, 2022, Foy filed a motion for summary judgment.  (Doc. 24.)  On April 18,

---

[4] The Article 78 Decision/Order initially refers to Foy's having commenced that action on July 20, 2021, but later in the course of analyzing whether the Article 78 proceeding was timely filed, the Decision/Order says that she commenced the action on "July 20, 2020".  (Art. 78 D&O 5.)  The earlier referenced date appears to be a typographical error since the earliest publicly-available filings on the Article 78 action's docket are dated November 20, 2020.  *See* Request for Judiucial Intervnetion, *Foy v. State of New York*, Index No. 1708/2020 (Sup. Ct. Kings Cnty. Nov. 20, 2020).

3

2022, the State filed a motion to deny Foy's summary judgment motion as premature, (Doc. 25), as well as a reply memorandum of law in support of its motion to dismiss, (Doc. 26). I denied Foy's summary judgment motion as premature on April 19, 2022. (Doc. 28.)[5]

### III. Legal Standards

#### A. *Rule 12(b)(1)*

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it," *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000), and a court can raise such an issue to dismiss a case sua sponte, *see Fountain v. Karim*, 838 F.3d 129, 133 n.5 (2d Cir. 2016). While a district court resolving a motion to dismiss under Rule 12(b)(1) "must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction," "where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits," in which case "the party asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (internal quotation marks and citation omitted). Finally, "[a] court must liberally construe a pro se litigant's papers when considering a motion to dismiss under Rule 12(b)(1)." *Jones v. Nat'l Commc'n. & Surveillance Networks*, 409 F. Supp. 2d 456, 465–66 (S.D.N.Y. 2006) (citing *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995)). "Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is

---

[5] On April 29, 2022, Foy filed a document styled as a "Reply Memorandum in Support of Opposition to Defendant's Motion to Dismiss." (Doc. 29.) This filing is improper because the governing rules of practice do not allow a plaintiff to file a reply brief in response to a defendant's reply brief on a motion to dismiss, *see* Local Civil Rule 6.1(b), and in any case, Foy did not seek leave to file a sur-reply; therefore, I will not consider this filing.

lacking." *Chestnut v. Wells Fargo Bank, N.A.*, No. 11 Civ. 5369, 2012 WL 1657362, at *3 (E.D.N.Y. May 7, 2012) (citing *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000).

      **B.**    *Rule 12(b)(6)*

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Kassner*, 496 F.3d at 237 (2d Cir. 2007). A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Finally, although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* A complaint is "deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (internal quotation marks omitted).

Even after *Twombly* and *Iqbal*, a "document filed *pro se* is to be liberally construed," *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89,

94 (2007)), and pro se pleadings should be read "to raise the strongest arguments that they suggest." *Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006) (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)); *see also Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (stating that the submissions of *pro se* litigants are "held to less stringent standards than formal pleadings drafted by lawyers" (internal quotation marks omitted)); *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (recognizing that pro se litigants should be accorded "special solicitude"). However, *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks omitted). Lastly, a court may dismiss a pro se complaint sua sponte for failure to state a claim, as long as the plaintiff has been given an opportunity to be heard. *See Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp. 2d 303, 313 (S.D.N.Y. 2001) (citing *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991)).

### IV. Discussion

In the Amended Complaint, Foy states that her only claims are brought pursuant to state law employment discrimination statutes: the New York State Human Rights Law, N.Y. Exec. L. §§ 290–297, and the New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101–131. (Am. Compl. 1.) New York raises several grounds for dismissing Foy's Amended Complaint, including that I am without subject matter jurisdiction because (a) Foy does not purport to bring a claim over which I have subject matter jurisdiction; and (b) state sovereign immunity under the Eleventh Amendment to the United States Constitution bars this suit against the State. (MTD 6–7.)[6] I agree. I do not have subject matter jurisdiction.

#### A. *Applicable Law*

---

[6] "MTD" refers to the Memorandum of Law in Support of the Motion to Dismiss. (Doc. 20.)

"The Eleventh Amendment bars federal jurisdiction over suits against nonconsenting States, and so whether or not sovereign immunity bars a claim is properly decided under Rule 12(b)(1)." *Bergrin v. United States*, 19-CV-9681 (VSB), 2022 WL 912280, at *13 (S.D.N.Y. Mar. 28, 2022) (quoting *Goonewardena v. New York*, 475 F. Supp. 2d 310, 321 (S.D.N.Y. 2007)). "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity when acting pursuant to its authority under Section 5 of the Fourteenth Amendment." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks omitted). Additionally, "under the *Ex parte Young* doctrine, the Eleventh Amendment does not bar a suit against a state official when that suit seeks prospective injunctive relief." *Soloviev v. Goldstein*, 104 F. Supp. 3d 232, 243 (E.D.N.Y. 2015) (citation omitted). Such "prospective injunctive relief" is available only "to prevent a continuing violation of federal law." *Green v. Mansour*, 474 U.S. 64, 68 (1985).

"[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Gollomp*, 568 F.3d at 366 (citation omitted). "[T]he New York State Unified Court System is unquestionably an arm of the State" and therefore entitled to sovereign immunity under the Eleventh Amendment. *Id.* at 368. State officials sued in their official capacity are likewise entitled to Eleventh Amendment sovereign immunity because "the real party in interest in an official-capacity suit is the governmental entity and not the named official." *Zahl v. Kosovsky*, No. 08 Civ. 8308 LTS THK, 2011 WL 779784 at *9 (S.D.N.Y. Mar. 3, 2011) (quoting *Hafer v. Melo*, 502 U.S. 21, 25 (1991)).

Additionally, "federal courts are courts of limited jurisdiction and lack the power to

disregard such limits as have been imposed by the Constitution or Congress." *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) (internal quotation marks omitted). Title 28, United States Code, Section 1331 empowers district courts to hear "all civil actions arising under the Constitution, laws, or treaties of the United States."

### B. *Application*

Here, Foy only asserts claims against New York under state law. (Am. Compl. 1.) However, New York has not waived immunity and nothing in the state laws under which Plaintiff brings her claims function to overcome New York's Eleventh Amendment immunity. *Tromblee v. New York*, 1:19-CV-0638 (LEK/CFH), 2021 WL 981847, at *16 (N.D.N.Y. Mar. 16, 2021) (collecting cases); *Campbell v. City Univ. Const. Fund*, No. 98 CIV. 5463(JSM), 1999 WL 435132, at *2 (S.D.N.Y. June 25, 1999) (collecting cases). Further, although "Congress has abrogated the states' sovereign immunity for [employment discrimination] claims under Title VII," *Baez v. New York*, 56 F. Supp. 3d 456, 464 (S.D.N.Y. 2014) (citing *Fitzpatrick v. Bitzer*, 427 U.S. 445, 448 (1976)), *aff'd*, 629 F. App'x 116 (2d Cir. 2015), Foy expressly chose not to pursue a claim under Title VII. She checked the boxes on the amended complaint form only for state law claims and left the Title VII box blank. (*See* Am. Compl. 1.)

Even if I were to construe Foy's pleadings as purporting to raise a claim under Title VII, I would still dismiss this action. "Before an aggrieved party can assert a Title VII claim in federal court, [she] is generally required to exhaust the administrative remedies provided by the statute." *Duplan v. City of New York*, 888 F.3d 612, 621 (2d Cir. 2018). Such a party must file a charge of discrimination with the EEOC "within three hundred days after the alleged unlawful employment practice occurred," 42 U.S.C. § 2000e-5(e)(1), and file an action in federal court within 90 days of receiving a right-to-sue letter from the agency, *id.* § 2000e-5(f)(1). Foy

concedes that she was never issued a right to sue letter.  (Am. Compl. 4.)

## V. Conclusion

For the reasons above, Defendant's motion to dismiss is GRANTED, and Plaintiff's Amended Complaint is dismissed in its entirety.  The Clerk of Court is respectfully directed to (1) terminate all open motions on this action's docket, (2) mail a copy of this order to the pro se Plaintiff, and (3) terminate the case.

SO ORDERED.

Dated: May 4, 2022
       New York, New York

                                                _____
                                                Vernon S. Broderick
                                                United States District Judge